FILED

December 16, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003962397

3

1 BARRY H. SPITZER, State Bar #161525
LAW OFFICE OF BARRY H. SPITZER
2 980 9th Street, Suite 380
Sacramento, California 95814
3
Telephone: (916) 442-9002
4 Facsimile: (916) 442-9003

5 Attorneys for Chapter 7 Trustee
Prem N. Dhawan
6

7

8             **UNITED STATES BANKRUPTCY COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11 In re:                          )   CASE NO.  11-25952-A-7
                                    )
12 DINESH PRASAD and                )   D.C. NO.  BHS-5
   DAYA PRASAD,                     )
13                                  )   **TRUSTEE'S MOTION FOR**
                 Debtors.           )   **TURNOVER OF PROPERTY**
14                                  )   **TO THE ESTATE AND**
   _____ )   **REQUEST TO EXTEND THE**
15                                      **TIME TO FILE AN**
                                        **ADVERSARY PROCEEDING**
16                                      **TO DENY DISCHARGE UNDER**
                                        **11 U.S.C SECTION 727**
17
                                        Date:   January 17, 2011
18                                      Time:   10:00 a.m.
                                        Dept:   A; Courtroom 28
19                                      Hon. Michael S. McManus

20        Prem N. Dhawan, the Chapter 7 Trustee (hereinafter "Trustee") hereby moves this

21 Court for an order requiring Debtors Dinesh Prasad and Daya Prasad (hereinafter

22 "Debtors") to turnover to the Trustee: the rent collected by the Debtors; non-exempt equity

23 in vehicles or the vehicles and the non-exempt Verizon stock which are property of the

24 Estate.  The Trustee further seeks an extension of time in which to file an Adversary

25 Proceeding to deny the Debtors discharge under 11 U.S.C. section 727(a)(2) as a result

26 of failing to turnover property of the estate listed above.

27 / / / /

28 / / /

                                    1

In support of his motion, the Trustee represents, as follows:

1. This Chapter 7 case was commenced on March 10, 2011. Movant was appointed as Chapter 7 Trustee that same day.

2. The Debtors did not appear at their first meeting of creditors scheduled for April 19, 2011 nor at the continued meeting of creditors scheduled for May 17, 2011. On June 17, 2011, this Court issued an Order compelling the Debtors to appear at their meeting of creditors on June 21, 2011. The Debtors did appear at that meeting.

3. The Court issued a second Order on June 17, 2011 which sustained the Trustee's Objection to certain claims of exemption in personal property.

4. The Court also extended the bar date to object to discharge until September 19, 2011. The Debtors then voluntarily extended the deadline to object to discharge under 11 U.S.C. section 727(a) or to object to exemptions under 11 U.S.C. section 522 to December 30, 2011.

5. Among the Debtors assets are certain non-exempt assets. These include:

    a. Rent collected post-petition on the real property commonly known as: 4029 Mendes Lane, Vacaville, CA 95688 and 1705 Frese Street, Dixon, CA 95620;

    b. $4,400.00 in Verizon stock, of which only $200.00 is exempt;

    c. 2001 Toyota Camry, with a fair market value of $2,025.00, of which only $1,250.00 is exempt;

    d. 1999 Ford Expedition, with a fair market value of $4,550.00, of which only $3,300.00 is exempt;

    e. 2004 BMW 3 series, with a fair market value of $6,975.00, of which only $4,556.00 is exempt.

6. The Debtors and their attorney have stated they would present a motion to dismiss the case, with a provision to pay the administrative expenses. To date, no such motion has been presented.

////

TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY TO THE ESTATE AND REQUEST TO EXTEND THE TIME
TO FILE AN ADVERSARY PROCEEDING TO DENY DISCHARGE UNDER 11 U.S.C SECTION 727

2

7. Despite demands by the Trustee and his attorney on Debtors while the Debtors were in Pro Per and then to their counsel, neither the personal property nor their cash for the non-exempt equity have not been turned over to the Trustee.

8. Pursuant to 11 U.S.C. section 542, the Trustee is entitled to turnover of all property of the Estate from the Debtors. Section 542 and FRBP 7001(1) also justify a motion to obtain an order for turnover of property of the Estate if a debtor fails and refuses to turnover an asset voluntarily.

9. The Trustee seeks an extension of time of 120 days in which to file a possible action to deny the Debtors discharge under 11 U.S.C. section 727(a)(2) as a result of failing to turnover property of the estate detailed in paragraph 5 above.

WHEREFORE, the Trustee prays, for an order:

a. Requiring the Debtors turn over to the Trustee

1. Rent collected post-petition on the real property commonly known as: 4029 Mendes Lane, Vacaville, CA 95688 and 1705 Frese Street, Dixon, CA 95620;

2. $4,400.00 in Verizon stock, of which only $200.00 is exempt;

3. 2001 Toyota Camry, with a fair market value of $2,025.00, of which only $1,250.00 is exempt;

4. 1999 Ford Expedition, with a fair market value of $4,550.00, of which only $3,300.00 is exempt;

5. 2004 BMW 3 series, with a fair market value of $6,975.00, of which only $4,556.00 is exempt.;

b. Extending the time by 120 days in which the Trustee can file an action to deny the Debtors discharge under 11 U.S.C. section 727(a)(2); and

c. Such other and further relief as the Court deems proper.

DATED: December 16, 2011      LAW OFFICE OF BARRY H. SPITZER

By: _Leny Yhee_
BARRY H. SPITZER
Attorneys for PREM N. DHAWAN,
Chapter 7 Trustee

TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY TO THE ESTATE AND REQUEST TO EXTEND THE TIME TO FILE AN ADVERSARY PROCEEDING TO DENY DISCHARGE UNDER 11 U.S.C SECTION 727

3